Pile *v.* Pile.

JOHN J. PILE, Ex'r, *v.* WM. PILE *et al.*

1. HUSBAND AND WIFE. *Survivorship.* If a husband, for a debt due him, take a note payable jointly to husband and wife, the law raises the presumption that he intended, if she survived him, that she should have the note as a gift from himself, yet during the life of the husband the note is subject to his control and disposition, she having no legal interest in it until his decease.

2. SAME. *Same.* He may defeat her right of survivorship by a disposition of the note by will.

FROM FENTRESS.

Appeal from the Chancery Court at Jamestown. D. K. YOUNG, J., presiding by interchange.

W. W. GOODPASTURE for complainants.

H. R. GIBSON and D. L. SNODGRASS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Two questions are presented by this record for our determination:

1st. Who are entitled to the note in the pleadings mentioned, due from Jno. C. Wright, which was made payable to said Elijah Pile and his wife?

2d. What credits is Jno. C. Wright entitled to upon said note?

In February, 1872, testator sold and conveyed to said Wright a tract of land in Fentress county, for $3,300, taking his note therefor, due at two years from date, bearing interest from date, and payable to himself and wife.

The wife had no interest in the land, it having descended to testator from his father, nor had they ever lived upon it.   The purchaser, however, desired that the wife should unite in the conveyance, having an impression that it was necessary to convey a perfect title.   The wife objected to signing the deed, and was told by her husband it was all right, the note was for them to live on, and her name was in it, and if she survived him it would go to her.   She then signed the deed.

On the 28th of March, 1876, the testator made his will.   In his will he gives the note to four of his children.   He died some time during the same year.

After the execution of the note the testator took possession of it and received payments on it.

The wife's signature to the deed was nugatory, as it neither conveyed nor released any interest in the land.   Testator was the absolute owner thereof and had a right to convey it.   So no consideration moved from the wife entitling her to any share of or interest in the note.   She stood simply upon her right of survivorship under the law, as in cases where the husband, upon sale of his own property, or loan of his own money, takes a note payable to himself and wife. In such a case, in the absence of evidence showing an intention and an act on the part of the husband to make a different disposition of it, the wife would take the note as survivor of her husband.

The law makes a *prima facie* case in her favor, from the fact that the husband took the note in their

joint names, and nothing else appearing, raises the presumption that he intended, if she survived him, that she should have the note as a gift from himself: 6 Cold., 113. See also 1 Cooper's Ch. R., p. 3; N. Y. R. Court of Appeals, case of *Sanford* v. *Sanford*, 6 Hand., 723.

The case of *Sanford* v. *Sanford* was decided by the New York Court of Appeals in 1871. The facts found by the referee were, that Jos. H. Sanford died in 1866, leaving his wife, Maria, surviving; that in June, 1864, he loaned his son, William A., $5,000, taking his note payable to himself and wife. During his life testator kept the note, received some payments on it, and after his death the wife brought suit upon it in her own name. On the trial defendant offered to prove that his father, before the making of his will, had intended to bequeath this note to his wife, but upon consultation with her, directed that a bequest of $10,000 to her in lieu of the note be put in the will, which was done. This was objected to, and the evidence excluded.

· This was held to be error, and in commenting upon the effect of the evidence offered and excluded, the court say that the evidence offered "was a strong evidence of her acceptance of the provision made" for her in the will, and that the note belonged to the estate and not to her. This might bear the construction that the wife's assent was essential to the husband's right to dispose of the note as he might choose. But this could not have been the intention or meaning of the learned judge who delivered the opinion,

as in another part of it he says: "Assuming that taking the note in the name of himself and wife shows that the husband intended thereby to give it to her if she survived him, yet during the life of the husband the note is subject to his control and disposition. The wife has no legal interest in it until his decease."

This is in accord with the weight of authority, and it being assumed that the wife has no interest in the note during the husband's life, and only after his death, taking an interest upon the legal presumption that the husband so intended and has made no different disposition of it, the next question is, has he made any such disposition, rebutting the presumption that he intended his wife to take?

What acts, then, will rebut this presumption? In 1 Dan. Neg. Ins., sec. 257, it is said, citing various adjudged cases to sustain the text, "*that any act* of the husband during marriage manifesting a distinct purpose to make *his wife's* choses in action his own, operates as a reduction into possession, and bars her right of survivorship; but mere *intention,* unaccompanied by act, will not suffice." So, "if the husband elect to bring suit upon the instrument in his own name, in cases in which he may join his wife or not as he pleases, or collects the proceeds." And a case is cited in which it is held that "if the husband assumes ownership of the instrument and places it amongst his own effects, and indicates no intention to hold it in trust for his wife, it would seem that this is sufficient."

This is said in respect to the wife's own choses in

action, but the reasoning and authorities apply with at least equal force to the case of a note executed jointly to husband and wife, in which, as we have seen, the wife has no interest during her husband's life.

The only acts manifesting the intention of the husband to bar the wife's right in this case are, his exclusive possession and control of the note, and the distinct and explicit disposition of it by his will to four of his children, which he executed some time before his death.

It is true, as a will to convey to his devisees and legatees his property, it only took effect to vest them with rights at his death; but as an act declaratory of his purpose and intention that certain named persons should have this note or its proceeds, it was done and completed before his death. It certainly was an "act of the husband during marriage manifesting a distinct purpose to make his wife's choses in action," or rather his own choses in action, subject to his exclusive control and disposition, and thus to defeat her right of survivorship.

If to bring suit in his own name, or transfer the note to another, or place it among his valuable papers, claiming it as his own, would be sufficient to defeat his wife's right of survivorship, we are of opinion the declaration of such intention by the act of signing and duly executing his will, is sufficient to effect the same object.

The chancellor held that the administrator of the wife, who died pending the suit, was entitled to recover.

In this we think there is error, and reverse the decree in this respect, holding that the executor of Elijah Pile is entitled to recover the amount due on said note from Wright, to be distributed as directed by the will.

The chancellor gave said administrator of Mrs. Pile a decree against Wright for a sum agreed upon by Mrs. Pile's administrator and said Wright. The executor of Elijah Pile appealed from the decree only so far as it gave the note to Mrs. Pile's administrator and as to the allowances of credits upon the note, based on the evidence of said Wright. In other respects the decree was not complained of and stands in full force.

The credits on the note were allowed partly upon the evidence of Wright, who was a defendant to the executor's bill. His deposition was excepted to upon the ground that he was an incompetent witness to testify as to any transaction, etc., with the testator; nevertheless, the master acted upon it, it having been taken on reference for an account, and when the report was made, exception was again taken because many credits were allowed, proved only by this deposition

It is difficult, perhaps impracticable, to determine what items of the long account credited on said note, were sustained only by the evidence of Wright. The items are very numerous, and the proof in respect to them not definite, and to avoid making mistakes as to them, which by another reference may be made clear, we set aside the report and decree as to the

33—VOL. 6.

amount yet due upon said note, and remand the cause for the purpose of further inquiry and report by the master upon this question.

The costs of this court will be paid out of the assets in the hands of the executor of Elijah Pile, deceased.